**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| TYARA WOOTEN, | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF ROSWELL, | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT
FOR EQUITABLE RELIEF AND DAMAGES**

COMES NOW Plaintiff Tyara Wooten ("Ms. Wooten" or "Plaintiff") and files this Complaint against City of Roswell ("Defendant" or "Defendant Roswell") through undersigned counsel, showing the Court as follows:

## INTRODUCTION

1.

This is a lawsuit for race discrimination brought pursuant to violations of Title VII of the Civil Rights Act, as amended, 42 U.S.C. §2000e et seq. ("Title VII") and 42 U.S.C. §1981 (race).

## JURISDICTION AND VENUE

2.

Jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e (Title VII), 28 U.S.C. §§1331 (federal question), 28 U.S.C. §1343 (civil rights), and 28 U.S.C.

§§2201 and 2202 (declaratory judgment).

3.

Venue is proper in this district and division under 28 U.S.C. §1391 because Defendant Roswell regularly conducts business in the Northern District of Georgia, Atlanta Division.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

4.

All conditions precedent to this lawsuit within the meaning of Fed. R. Civ. P. 9(c) have been performed or otherwise occurred or have been prevented by the action or inactions of Defendant. Plaintiff timely filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission, ("EEOC") and a "Notice of Right to Sue" was issued by the EEOC. Plaintiff's Charge to the EEOC served to provide notice of the Charge to Defendant and Defendant was afforded the opportunity to participate in the investigation and conciliation of this Charge. This action is filed within ninety (90) days of the Plaintiff's receipt of the "Notice of Right to Sue." Thus, administrative remedies have been exhausted.

**PARTIES**

5.

Plaintiff, Ms. Wooten, is an adult African American citizen and resident of

Fulton County, Georgia. As such, she is entitled to bring actions of this type and nature. She submits himself to the jurisdiction and venue of this Court.

6.

Plaintiff was, at all times relevant hereto, an "employee" as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. and 42 USC §1981.

7.

Defendant Roswell is a public employer as defined by 42 U.S.C. §2000e, 42 USC §1981 ("1981") and is subject to the law, thus, the requirements placed on employers prescribed by the Title VII of the Civil Rights Act of 1964 and 1981 and having in excess of 15 employees active each day of at least 20 weeks in the year.

8.

Defendant Roswell is located in the state of Georgia and is in this federal district and division. At relevant times hereto, Defendant Roswell has conducted regular, not isolated, acts of business in Roswell, Georgia. As such, Defendant Roswell is subject to personal jurisdiction and venue in this Court.

9.

Defendant Roswell may be served with process of service of the Complaint and Summons at 38 Hill Street, Roswell, Georgia 30075.

**FACTS**

10.

As above, Plaintiff was, at all times relevant to this action, an employee of Defendant Roswell.

11.

Plaintiff was employed by Defendant as an Executive Assistant for approximately 7 months until her termination on or about June 12, 2020.

12.

Defendant's proffered reason for the adverse employment action was "unsatisfactory job performance".

13.

On March 9, 2020, on an evaluation signed by Mayor Lori Henry, Plaintiff received high marks and a designation as "Highly Successful Performer".

14.

Defendant alleged that Plaintiff was terminated because "she was not performing at the level expected for her position during her introductory period."

15.

Defendant stated that Plaintiff's "area of communication" was not satisfactory.

16.

Plaintiff received a "needs improvement" score on her evaluation, not an "unacceptable" however, Plaintiff was not afforded an opportunity to improve.

17.

Plaintiff was subject to multiple racist comments by Mayor Lori Henry.

18.

Plaintiff made multiple complaints to Human Resources about the discrimination she suffered.

19.

According to information and belief, Human Resources knew about the Mayor's intentions to terminate Plaintiff but told Plaintiff nothing about it.

20.

Defendants failed to afford Plaintiff any opportunity in which to approve and perceived deficiencies.

21.

Defendant failed to discipline Plaintiff for any perceived deficiencies that would have afforded Plaintiff an opportunity in which to cure alleged deficiencies.

22.

Throughout her tenure with Defendant, Plaintiff has been a hard-working employee who diligently performed her duties on a regular basis.

**COUNT I**

**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, and 42 U.S.C. §1981, RACE DISCRIMINATION**

23.

Plaintiff re-alleges paragraphs 1 through 22 as if fully set forth herein and further alleges:

24.

Plaintiff is a member of a protected group (African American).

25.

Plaintiff was employed by public employer, Defendant Roswell.

26.

In view that Plaintiff had held similar positions prior to working with Defendant, Plaintiff was qualified for the position she held.

27.

Defendant's stated reason for the adverse employment action was a pretext for Defendants' disparate treatment of Plaintiff based on her race and for the adverse employment action Plaintiff suffered.

28.

Plaintiff, who is an African American, was subject to racist comments made by Mayor Lori Henry, such as comments about her name "Tyara", which is pronounced "Tyra".

29.

The Mayor described Plaintiff and her fiancé as the "odd couple", because she was African-American and he was Caucasian.

30.

From late May 2020 to early June 2020, Plaintiff was regularly excluded from meetings concerning the Black Lives Matter protests.

31.

The Mayor mentioned that a particular African-American employee would never be anything other than a receptionist.

32.

Plaintiff was replaced by a Caucasian woman similarly situated to Plaintiff in all aspects except for her race.

33.

Racial animus was the motivating factor for Defendant's adverse employment action and the harms suffered by Plaintiff.

34.

Racial animus was the but for reason for Defendant's adverse employment action and the harms suffered by Plaintiff.

35.

Defendant's actions were willful, wanton, and intentionally directed to harm Plaintiff in violation of her federally protected rights.

36.

Defendant's actions were reckless and taken in willful disregard of the probable consequences of its actions.

37.

As Defendant's conduct was willful and deliberate, Plaintiff is entitled to all relief afforded under the statute, including the award of punitive damages against Defendant Roswell in an amount to be determined by the enlightened conscience of the jury.

38.

As a result of Defendant's unlawful conduct, Defendant was the direct, proximate, and but for cause of Plaintiff's damages.

39.

Plaintiff has suffered mental and emotional distress in an amount to be determined at trial by the enlightened conscience of an impartial jury. Plaintiff has also suffered lost wages and the benefits of employment, which she seeks to recover from Defendant Roswell.

**COUNT II**

**RETALIATION UNDER TITLE VII**
**A VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

40.

Plaintiff incorporates preceding paragraphs 1 through 39 as if stated herein for this claim for relief.

41.

Defendants' stated reason for termination was in direct contrast to Defendant's recent written evaluation and review of Plaintiff.

42.

Plaintiff's reports of discrimination to Human Resources were a motivating factor in the adverse employment action she suffered, termination.

43.

Plaintiff is entitled to seek damages equal to the amount of any back pay, front pay, employment benefits, or other compensation denied or lost to her by reason of violation of Title VII by Defendant. 42 U.S.C. §2000e

44.

Plaintiff is entitled to damages for emotional distress caused by reason of violation of Title VII by Defendant. 42 U.S.C. §2000e

45.

Plaintiff is entitled to punitive damages by reason of violation of Section Title VII by Defendant. 42 U.S.C. §2000e

46.

Plaintiff is entitled to an award of reasonable attorney's fees and costs of this action by reason of violation of Title VII by Defendant. 42 U.S.C. §2000e

**COUNT III**

**RETALIATION UNDER 42 U.S.C. §1981, RACE DISCRIMINATION**

47.

Plaintiff incorporates preceding paragraphs 1 through 3 and paragraphs 5 through 43 and paragraph 45 through 46 as if stated herein for this claim for relief.

48.

Defendants' stated reason for termination was in direct contrast to Defendant's recent written evaluation and review of Plaintiff.

49.

Racial retaliation, by Defendant, is the but for cause of the adverse employment action Plaintiff's injuries.

50.

Plaintiff is entitled to seek compensatory damages by reason of violation of Section §1981 by Defendant. 42 U.S.C. §1981

51.

Plaintiff is entitled to punitive damages by reason of violation of Section §1981 by Defendant. 42 U.S.C. §1981

**WHEREFORE**, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

(a) Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated Plaintiff's rights as secured under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e and 42 U.S.C. §1981;

(b) Grant to Plaintiff judgment in her favor and against Defendants under all counts of this Complaint;

(c) Award Plaintiff pre-judgment interest;

(d) Award Plaintiff compensatory damages, including backpay, reinstatement or front pay in an amount to be determined in the enlightened conscience of the jury to compensate Plaintiff for the damages suffered as a result of Defendants' conduct;

(e) Award Plaintiff punitive damages;

(f) Award Plaintiff nominal damages;

(g) Award Plaintiff the costs of this action and attorney's fees associated with this action;

(h) Pursuant to the Seventh Amendment of the United States Constitution and Rule 38, Fed. R. Civ. P., TRIAL BY JURY on all claims on which a jury is available;

(i) Instruct Clerk to issue summons; and

(j) Award such additional monetary and equitable relief as the Court deems proper and just.

Respectfully submitted, this 27th day of December 2022.

/s/ Beverly A. Lucas
Georgia Bar No.: 427692

LUCAS & LEON, LLC
Post Office Box 752
Clarkesville, Georgia 30523
T: (706) 752-2001
F: (706) 752-8085
beverly@lucasandleon.com

Attorney for Tyara Wooten

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| TYARA WOOTEN, | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF ROSWELL | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**CERTIFICATE OF FONT COMPLIANCE**
**REQUIRED BY LOCAL RULE 7.1D**

In accordance with Local Rule 7.1D, I hereby certify that the foregoing was prepared with one of the font and point selections approved by the Court in Local Rule 5.1B. Specifically, it was prepared with Times New Roman, 14 point.

This 27th day of December 2022

BY: /s/*Beverly A. Lucas*
Beverly A. Lucas
LUCAS & LEON, LLC
GA State Bar No. 427692
beverly@lucasandleon.com
Post Office Box 752
Clarkesville, Georgia 30523
Telephone: 706-754-2001
Fax: 706-754-8085